IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. CLEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-CV-768-WKW |
| | ) | [WO] |
| INVESTIGATOR LEE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Christopher M. Clemons, an inmate detained at the Houston County Jail in Dothan, Alabama, initiated this action by filing a *pro se* 42 U.S.C. § 1983 complaint (Doc. # 1) and an application for leave to proceed *in forma pauperis* (Doc. # 2). However, he did not submit a certified copy of his prisoner trust fund account statement as required by 28 U.S.C. § 1915(a)(2). Accordingly, on October 2, 2026, the Clerk of Court issued a Notice of Deficiency directing Plaintiff to submit his account statement within 14 days of the Notice's date. (Doc. # 3.)

On October 19, 2026, the court received and docketed a letter filed by Plaintiff, which he dated October 10, 2026 (Doc. # 4), and Plaintiff's account statement (Doc. # 5). In Plaintiff's letter, he stated that he accidentally filed two 42 U.S.C. § 1983 actions, one against Investigator Lee and another against Investigator Hamilton. He requested that the action against Investigator Lee be disposed of but

asked that the action against Investigator Hamilton be filed. (Doc. # 4.) By Notice and Order issued on October 26, 2026, Plaintiff was informed that he does not have a case pending against Investigator Hamilton, and he was directed to either notify the court in writing that he wishes to proceed with this case against Investigator Lee or file a notice of voluntary dismissal. (Doc. # 6 ("October 26 Notice & Order").)

The October 26 Notice & Order set a deadline of November 9, 2026, for Plaintiff to respond. (Doc. # 6.) To date, Plaintiff has not notified the court in writing that he wishes to proceed with this case, filed a notice of voluntary dismissal, or otherwise responded to the October 26 Notice & Order. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (cleaned up), *cert. denied*, 146 S. Ct. 2622 (2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the October 26 Notice & Order and to prosecute this case, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice. Final judgment will be entered separately.

It is further ORDERED that Plaintiff's application for leave to proceed *in forma pauperis* (Doc. # 2) is DENIED as moot.

DONE this 17th day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE